UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ERIC DARTEZ #566496** | **CIVIL ACTION NO. 25-cv-735 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NOLEN BASS ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. #16] filed by Defendants Nolen Bass ("Bass"), Antonio Johnson ("Johnson"), Victor Smith ("Smith"), and Robert Rusting ("Rusting) (collectively, "Defendants").  For the reasons assigned below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. #16] be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Eric Dartez ("Dartez"), a prisoner at the Tensas Parish Detention Center ("TPDC"), filed a *pro se*, *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights, alleging that he was periodically subjected to unsanitary conditions at TPDC between September 2023 and July 2024.[1]  [docs. #1, 12].   Dartez alleges that TPDC's water was shut off repeatedly for days and weeks at a time during which there was little-to-no access to running water for personal hygiene or using the restroom.  [doc. #12, p. 1].  He alleges that during these periods he was, along with other eighty other inmates, forced to defecate into plastic bags

---

[1] Dartez alleges in his Amended Complaint this problem has been recurring for the entirety of his four-year imprisonment at TPDC, though specific dates are alleged only for the time frame of September 2023 to Jully 2024.

and then deposit those bags into the shower.  *Id*.  As a result, Dartez alleges that the showers become "covered in feces" and are not sanitized or regularly cleaned between the various shut offs. *Id*.  Dartez further alleges these shut offs led to extreme filth in the prison cells, with human waste on the floors, in the shower, in the toilets, and smeared on the walls.  *Id*.  Although Dartez originally named Warden Bass, Assistant Warden Johnson, Captain Smith, and Sheriff Rusting as Defendants in his Complaint, he made no factual allegations identifying their personal wrongdoing.  [doc. #1].  In his Amended Complaint, Dartez explicitly names only Bass and Johnson, alleging that they were both aware of the biohazards, failed to address them, and were "very involved."  [doc. #12, p.6].

On October 23, 2025, Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).  [doc. #16].  Defendants argue that Dartez has failed to adequately allege personal involvement of the Defendants to sustain a claim under § 1983.  *Id*.  Defendants argue that this lack of personal involvement is fatal, as § 1983 does not allow respondeat superior liability.  *Id*.

Dartez did not file an opposition to Defendants' motion, and the time to do so has elapsed.[2] Accordingly, the matter is ripe.

## LAW & ANALYSIS

### I.      Legal Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A pleading states a claim for

---

[2] Notably, on December 4, 2025, in an undated letter with an illegible postmark, Dartez notified the Clerk of Court of his upcoming release and provided a new address.  [doc. #19].  The letter was mailed from TPDC.  *Id.*  Thus, the record reflects that Dartez was still housed at TPDC at the time the instant motion was filed and the notice of motion setting was sent to him.

relief, inter alia, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P.. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is

premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In assessing whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, "the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citations omitted). The Court also may consider documents that a defendant attaches to its motion, so long as the documents are referred to in the complaint and are central to the plaintiff's claims. *Id.* (citing, *inter alia*, *Causey v. Sewell Cadillac-Chevrolet*, Inc., 394 F.3d 285, 288 (5th Cir. 2004)); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider the complaint, plus documents incorporated into the complaint by reference, and matters of which a court may take judicial notice).

## II.    Section 1983 Claims

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a

predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). A plaintiff must satisfy three elements to establish § 1983 liability: (1) deprivation of a right secured by the U.S. Constitution or federal law; (2) that occurred under color of state law; and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Construing his brief liberally, Dartez argues that his unsanitary conditions of confinement violated his Eighth Amendment rights.

Dartez has alleged that the conditions of TPDC are so unsanitary as to violate his Eighth Amendment right to be free from cruel and unusual punishment.  [doc. #12].  To state a claim under the Eighth Amendment based on the conditions of his confinement, Dartez must show: (1) "the conditions were objectively so serious as to deprive [him] of the minimal civilized measure of life's necessities" and (2) subjectively, "the responsible prison officials acted with deliberate indifference to his conditions of confinement." *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020) (per curiam) (internal quotation marks omitted).

Regarding the objective prong, the Supreme Court and our Court have recognized that adequate sanitation is a basic human need, the deprivation of which may satisfy an Eighth Amendment claim. *See Taylor v. Riojas*, 592 U.S. 7, 7-8, (2020) (per curiam) (holding that "shockingly unsanitary cells" violated the Eighth Amendment); *accord Gates v. Collier*, 501 F.2d 1291, 1301 (5th Cir. 1974) ("Although the prison officials possess broad discretion in the area of conditions of confinement, this Court has repeatedly stated that there may be cases in which the deprivation of . . . hygienic facilities will warrant judicial action.").  Furthermore, prisoners "need only show that there is a substantial risk of serious harm," not actual harm. *Garrett v. Lumpkin*, 96 F.4th 896, 900-01 (5th Cir. 2024) (emphasis in original) (internal quotation marks omitted).

Regarding the subjective prong, "the prisoner must show that the prison official knew of and disregarded an excessive risk to inmate health or safety." *Alexander*, 951 F.3d at 241. "That is, the prisoner must show both that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) the official drew the inference." *Id*.

Though the Fifth Circuit has suggested that "temporary plumbing problem[s]" are not sufficiently serious to constitute an Eighth Amendment violation, lack of access to working restrooms—under the totality of the circumstances—may satisfy the objective prong of a conditions-of-confinement claim. *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (finding that "two days of discomfort" which included "a plumbing problem" that "resulted in the cutoff of water to [plaintiff's] cell for several hours" did not constitute an Eighth Amendment violation; *but see, e.g., Bienvenu v. Beauregard Par. Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983) (per curiam); *Wilson v. Seiter*, 501 U.S. 294, 304, (1991) (recognizing that conditions which, by themselves, would not establish an Eighth Amendment violation may nonetheless do so in combination, "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need").

In other cases filed by fellow TPDC inmates for the same or very similarly alleged conditions, the Fifth Circuit has reversed this Court's sua sponte dismissal of the claims held that, under a totality of the circumstances, the inmates had met their objective burden to survive dismissal by making allegations that "constitute an actionable deprivation of sanitation" and their subjective burden to plausibly allege that Bass and Johnson acted with deliberate indifference to his health and safety. *Elder v. Bass,* No. 24-30653, 2025 WL 2219005, at *3 (5th Cir. Aug. 5,

2025); *see also Robertson v. Bass*, No. 24-30395, 2025 WL 416994 (5th Cir. Feb. 6, 2025) (unpublished).

In both *Robertson* and *Elder*, the plaintiffs alleged that Bass and Johnson imposed the bag procedure in response to TPDC's sewerage problems, that Bass and Johnson were involved in burning the waste-filled bags, and that Johnson was involved in pumping raw sewage outside onto the ground. *Robertson,* 2025 WL 416994 at *4.; *Elder*, 2025 WL 2219005 at *3; Robertson's and Elder's allegations of Bass and Johnson's active involvement were found sufficient to suggest that these two defendants were not only aware of the lack of water and inoperative toilets at TPDC, but also "'drew the inference'" that inmates were being exposed to biohazardous waste on a recurring basis. *Id.* at *3 (quoting *Alexander*, 951 F.3d at 241; citing *Robertson,* 2025 WL 416994, at *1, 5).

Here, similar to his fellow inmates, Dartez has alleged that he was forced to defecate in a plastic bag multiple times, that he had to place those bags into a larger bag filled with the excrement of approximately eighty other inmates, that the excrement was stored in the shower area, and that he had to urinate in a toilet full of feces. He explained that the prison cells were in "unspeakable" conditions, with human waste on the ground, in the shower, in the toilets, and produced an odor which made the air in the facilities nearly impossible to breath. Dartez additionally alleges that he was forced to eat his meals around human waste and without the opportunity to wash his hands.

The Fifth Circuit has recognized that "[e]vidence of frequent or regular injurious incidents" may give rise to an Eighth Amendment violation, even if a single harmful incident would not. *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010). Dartez has alleged that these sewage system problems were recurrent and lasting for days and weeks at a time which, as the Fifth Circuit has noted, is beyond the "temporary plumbing problem[s]," that failed to constitute an Eighth

Amendment violation. *Robertson*, 2025 WL 416994, at *4 (citing *Holloway*, 685 F.2d at 156); *Elder,* 2025 WL 2219005, at *3 (citing *Holloway*, 685 F.2d at 156)).

Given this precedent, the undersigned finds that under a totality of the circumstances, the conditions described constitute an actionable deprivation of sanitation. *See Bienvenu*, 705 F.2d at 1460; *Wilson*, 501 U.S. at 304.

Next, the Court must determine if the named Defendants acted with deliberate indifference to the health and safety of Dartez. *Alexander*, 951 F.3d at 241. In his Amended Complaint, Dartez alleged that Bass and Johnson were involved in burning the waste-filled bags as well as pumping raw sewage outside onto the ground. [doc. #12. p.6]. Contrary to Defendants' assertions in their Motion to Dismiss, Dartez has made allegations of Bass and Johnson's active involvement. *Id.* Dartez even goes so far as to allege that Bass and Johnson were the individuals enforcing the practice of having inmates defecate into bags and place them into the shower. *Id.* As in the other TPDC cases, Dartez's allegations of Bass and Johnson's active involvement suggest that these Defendants were not only aware of the lack of water and inoperative toilets at TPDC, but also drew the inference that Dartez was being exposed to biohazardous waste on a recurring basis.

However, Dartez has made no allegations as to the involvement of with Smith or Rusting. Neither of these parties are mentioned in either Dartez's Complaint or his Amended Complaint to demonstrate that these individuals were even aware of the conditions of TPDC, much less able to draw an inference that Dartez was exposed to such conditions on a regular basis.

Thus, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** as to Smith and Rusting. **IT IS FURTHER RECOMMENDED** that the Motion to Dismiss be **DENIED** as to Bass and Johson.

8

**CONCLUSION**

For the above-stated reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. #16] filed by Defendants be **GRANTED IN PART** and **DENIED IN PART**. **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED** as to Defendants Smith and Rusting and Dartez's claims against them be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that Defendants' Motion be **DENIED** as to Defendants Bass and Johnson.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE, WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.** *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 18th day of February, 2026.

_____

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE